UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT MITCHELL,

     Plaintiff,

v.                               CASE NO. 8:15-cv-2603-T-23TGW

MARY CATHERINE HUNT, et al.,

     Defendants.

_____/

## ORDER

In a February 23, 2016 report (Doc. 39), the magistrate judge recommends entry of a preliminary injunction in accord with the parties' stipulation (Doc. 37), which the parties submitted before the hearing on the plaintiff's motion (Doc. 20) for a preliminary injunction.  The report and recommendation (Doc. 39) is **ADOPTED**. The plaintiff's motion (Doc. 20) for a preliminary injunction is **DENIED AS MOOT**.  In accord with the parties' stipulation, which is rendered verbatim in the following five paragraphs, the defendants are enjoined as follows:

A. Subject only to an exception for the lease or purchase of one motor vehicle by Defendant Linda Hunt as described in subparagraph (B) below and an exception for the payment of reasonable legal fees as described in this subparagraph, a Defendant shall not engage in any financial transaction which involves an expenditure of cash or a cash equivalent, e.g., a withdrawal or other debit from a depository account, in an amount exceeding $3,500.00. This limitation does not apply to Defendants' payment of reasonable legal fees related to these proceedings or the criminal proceedings currently pending in Pinellas County against Defendant Mary Catherine Hunt;

B.  If Defendant Linda Hunt enters into any transaction for the lease or purchase of a motor vehicle, she may not expend cash or

any cash equivalent in such a transaction in an amount greater than $6,000.00, and may expend cash or a cash equivalent in such a transaction in an amount greater than $3,500.00 only one time;

C. The Defendants shall cause the remaining cash contents of the shoebox described above to be deposited to their attorney's trust account and to remain there until final outcome of the case. The remaining cash contents of the shoebox, following payment of legal expenses related to the criminal and civil cases, consist of $11,000.00;

D. The Defendants, individually or in any combination, shall not engage in any transaction involving the purchase, sale, disposal or other transfer of possession of jewelry or other precious gems or precious metals;

E. The Defendants, individually or in any combination, shall not knowingly have contact or transact business with any pawn shop or any second hand merchant or any representative of either whose business involves to any degree the acquisition or disposition of precious gems, precious metals or jewelry.

In accord with Rule 65(d)(2), Federal Rules of Civil Procedure, this order binds the parties and other persons, including "the parties' officers, agents, servants, employees, and attorneys," who "are in active concert or participation with" the parties and who "receive actual notice" of this order. The parties stipulate that the plaintiff "may monitor Defendant's compliance" with this injunction by "appropriate" discovery.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 2 -