UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT MITCHELL,

Plaintiff,

CASE NO: 8:15-cv-2603-T-23TGW

v.

MARY CATHERINE HUNT,
MICHAEL HUNT, and LINDA HUNT,

Defendants.
_____________________________________/

**PLAINTIFF'S OBJECTION**
**TO REPORT AND RECOMMENDATION ON**
**PLAINTIFF'S SEALED MOTION TO DETERMINE EXISTENCE OF CONFLICT**
**AND STRIKE BARRY A. COHEN'S NOTICE OF APPEARANCE & FILINGS**

Plaintiff SCOTT MITCHELL ("Plaintiff"), Pursuant to Local Rule 6.02(a) and through his undersigned counsel, respectfully submits this Objection to Report and Recommendation on Plaintiff's Sealed Motion to Determine Existence of Conflict and Strike Barry A. Cohen's Notice of Appearance & Subsequent Filings ("Objection"), and in support thereof states:

**I. Procedural and Factual Background**

1. On November 5, 2015, Plaintiff filed this lawsuit against Defendants, MARY CATHERINE HUNT, MICHAEL HUNT, and LINDA HUNT ("Defendants").

2. On June 9, 2016, attorney Barry A. Cohen ("Attorney Cohen") filed his Notice of Appearance. (Doc. 52)

3. Based upon the fact that Attorney Cohen had previously represented Plaintiff and obtained confidential information in the course of that representation which Attorney Cohen is attempting to misuse in this litigation, Plaintiff filed his Sealed Motion to Determine Existence

of Conflict and Strike Barry A. Cohen's Notice of Appearance & Subsequent Filings (the "Sealed Motion") on July 8, 2016. (Doc. S-81)

4. On October 25, 2016, Plaintiff filed his Emergency Motion to Hear Arguments *In Camera* after learning that the hearing on the Sealed Motion was scheduled for open-court. The hearing being held in open court created concerns relating to the public disclosure of confidential and privileged information shared between Attorney Cohen and Plaintiff. (Doc. 140) (the "*In Camera* Motion").

5. On October 27, 2016, the Court denied the *In Camera* Motion based on, among other things, the Plaintiff allegedly not establishing good cause and "the [P]laintiff's conclusory assertions for the requirement of a sealing hearing [] not [being] sufficient to establish good cause to prevent the right of access to the court." (Doc. 145, pp. 4-5).

6. On October 28, 2016, a hearing was held on the Motion before the Honorable Magistrate Thomas G. Wilson. (Doc. 146)

7. Most recently, on January 9, 2017, Magistrate Wilson entered his Report & Recommendation denying the Sealed Motion. (Doc. 158).

## II. Argument

Plaintiff does not disagree with Magistrate Wilson's recitation of the applicable law within the Report & Recommendation regarding Rule 4-1.9.[1] This Objection focuses on the portion of the Report and Recommendation suggesting the lack of specific factual instances demonstrating the conflict of interest.[2] Plaintiff argues that, by denying the *In Camera* Motion and refusing to hear certain arguments *in camera*, the appropriate procedural safeguards were not in place to allow Plaintiff to effectively present factual instances demonstrating the conflict of interest.

---

[1] Plaintiff does object to the Report & Recommendation's recitation of applicable law as to the "appearance of impropriety" standard in the Middle District. In their briefs, the parties stipulated to the continuing vitality of the "appearance of impropriety" standard in the Middle District, in light of *State Farm Mutual Auto Co. v. K.A.W.*, 575 So. 2d 630 (Fla. 1991); Local Rule 2.04(d); and in-District cases such as *Brotherhood Mut. Ins. Co v. Nat'l Presto Industries, Inc.*, 846 F. Supp. 57 (M.D. Fla. 1994). *See* Doc. No. S-95. Nevertheless, the Report & Recommendation applied an Eleventh Circuit holding as to Georgia law in this portion of the Report & Recommendation. Doc. No. 158, at 27. Unlike the Florida Supreme Court, whose interpretation of the Rules of Professional Conduct governs under Local Rule 2.04(d), the Georgia Supreme Court does not appear to have retained the "appearance of impropriety" standard, which, among other things, requires that "any doubt is to be resolved in favor of disqualification." *Brotherhood*, 846 F. Supp. at 58-59.

Plaintiff recognizes that the Report & Recommendation undertook to subsequently conclude that not even an appearance of impropriety has resulted from Attorney Cohen's conduct, which encapsulated not merely round after round of shameless accusations and vicious, amateurish psychoanalysis, but also multiple unsupportable public assertions that Plaintiff, a man who Mr. Cohen previously took before the FTC, a federal agency still empowered to reopen investigations at its discretion, was "no stranger to wrongdoing" and had a *history* of perjury and fraud, including via submitting false and altered evidence to executive bodies. *See, e.g.*, Doc. No. 61, at ¶ 4; Doc. No. 56, at ¶¶ 28, 33(n). Plaintiff submits that statements such as the above by Attorney Cohen satisfy not merely the governing Florida standard under *State Farm* and Local Rule 2.04(d), but any of the other standards of attorney conduct addressed in connection with the Sealed Motion, be it *Norton/Hobson*; *Schlumberger*; or Rule 4-1.9(a)'s admonition against attacking work previously performed on the former client's behalf and Rule 4-1.9(b)'s demand that an attorney not use information gleaned during the prior case to his former client's disadvantage.

[2] The Report & Recommendation focuses on Plaintiff's alleged failure to demonstrate specific instances or examples of how Attorney Cohen's involvement creates a conflict of interest. (Doc. 158, p. 14) ("as a matter of fact, the plaintiff has not identified any specific information which supports his contention . . ."); ("the plaintiff need to be specific about the information that was disclosed.") (*Id.* at p. 15); ("the plaintiff has not identified any specific disclosure or work performed by Cohen's law firm in the administrative matter which shows that Cohen is attacking his prior work.") (*Id.* at p. 17); ("This rule requires the identification 'of specific facts gained in a prior representation that are relevant to the matter in question.'") (*Id.* at p. 19); ("Vague and conclusory allegations . . . are insufficient . . .") (*Id.*); ("only specific information in the declaration is the identification of two witnesses") (*Id.* at p. 20); ("This argument is meritless because the plaintiff does not identify any information that he told the Cohen law firm . . .") (*Id.* at p. 22); ("does not satisfy the plaintiff's obligation to identify specific facts obtained from the prior representation . . .") (*Id.*); ("once again, the plaintiff has not identified any specific information . . .") (*Id.* at p. 24); ("the plaintiff has not identified any information disclosed during the prior matter that Cohen will use to the plaintiff's disadvantage in this litigation) (*Id.* at p. 25).

**A. Standard of Review.**

The appropriate standard of review here is *de novo*. "When a party makes timely objection to a [Report & Recommendation] by a Magistrate Judge, the determination is subject to *de novo* review by the district court." *Cuevas on Behalf of Jaurbe v. Callahan*, 11 F. Supp. 2d 1340, 1342 (M.D. Fla. 1998) (citations omitted); *see also* 28 U.S.C. § 636 (b)(1)(A); *see also Stafford v. Colvin*, Case No. 8:13-cv-3006-T-17-MAP, 2015 WL 224651, *1 (M.D. Fla. Jan. 15, 2015) ("When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a *de novo* review of the record with respect to the factual issue." (citations omitted)).

**B. The Absence of a Non-Public Forum Chilled Plaintiff's Ability to Provide Confidential Information Which Would Have Supported the Requested Disqualification Relief.**

Here, Plaintiff requests that this Court afford Plaintiff a non-public forum for Plaintiff to provide the specific, confidential information and materials which the Report and Recommendation suggests are lacking. When addressing attorney disqualification issues related to an attorney possessing confidential information of a former client, there is a balancing act. On the one hand, the law protects a party from its former counsel who is in possession of confidential information based upon prior representation. On the other hand, the law also affords some protection of another party's right to select counsel of her choice. Here, Plaintiff and his counsel find themselves in a Catch-22. Despite the request in the *In Camera* Motion, Plaintiff was not afforded a non-public forum in which to present specific, confidential factual

information in support of the Sealed Motion. And, without such a non-public forum, Plaintiff was hamstrung from meeting his burden.[3]

The primary basis for the denial of the requested relief was that Plaintiff had not presented sufficient specific information. However, the denial of the *In Camera* Motion and the absence of the non-public forum in which the specific, confidential information could have been presented actually created the circumstances which naturally limited the scope of the information which Plaintiff could present. If Plaintiff were to have presented the specific, confidential information in a public forum, he would essentially be telling the world the very confidential information he is attempting to prevent Attorney Cohen from further misusing.

In Attorney Cohen's prior representation of Plaintiff, Attorney Cohen received specific, confidential information, including at his and members of his firm's request, and as a result of his direct assurances to Plaintiff. Now, Attorney Cohen is attempting to twist and misuse that very same specific, confidential information to the Defendants' advantage in this litigation, including by claiming that his former client, who came to him for help in responding to an FTC inquiry, has a "documented history of [] perjury."[4] Attorney Cohen also threatens to make further mischief regarding irrelevant confidential information generally. For example, Attorney Cohen is attempting to introduce evidence of a prior *confidential* settlement in which Plaintiff was involved. Notwithstanding the settlement's complete inapplicability to the present dispute and facts, Attorney Cohen seeks to leverage specific, confidential information from that

---

[3] Plaintiff notes that this case has attracted substantial media attention, including because of Attorney Cohen's groundless and repetitive broadsides against his former client. Members of the media were present at the October 28, 2016 public hearing on the Sealed Motion, which further illustrates the Catch-22 here described. *See, e.g.*, https://twitter.com/ggome13/status/792121710149533696 (news reporter present and "tweeting" during hearing).

[4] To be clear, Plaintiff has no "documented history of [] perjury," including with respect to the 2004 FTC representation, and despite his former attorney's chilling public statements to the contrary. The very fact that Plaintiff has been forced to restate this well illustrates why Attorney Cohen's own behavior in this case warrants his disqualification.

settlement to the advantage of the Defendants. Attorney Cohen would not have thought to seek and use information in that confidential settlement, but for his having previously demanded highly personal, sensitive disclosures from his client at the time of the former representation. Due to the settlement's confidential nature and governing documents' warranties on non-disclosure, Plaintiff could not reveal any details or the parties' involvement in open court for fear of voiding the settlement or prejudicing himself or a non-party. A non-public proceeding would have permitted Plaintiff the appropriate protections to provide specific, confidential information.

By agreeing to seal the Sealed Motion, the court recognized the fact that certain information related to the Sealed Motion was not appropriate for public disclosure. The refusal to provide a non-public forum in which to make arguments and present evidence related to the Sealed Motion is incongruous with the prior protection afforded the Sealed Motion.

This Court can provide mechanisms to ensure the non-disclosure of specific information to the public. As the Eleventh Circuit stated in Adkins v. Christie, 488 F.3d 1324 (11th Cir. 2007),

> The district courts are well-equipped with a variety of mechanisms to ensure that peer review materials, once furnished through discovery, are not compromised by wayward hands, i.e., redaction of extraneous or confidential information, ***in-camera review*** and protective orders. The "public good" concerns advanced by the defendants may capably be served in the absence of a medical peer review privilege.

488 F.3d at 1329-30 (emphasis added). While there is a presumption of openness when it comes to docketed events and hearings, Plaintiff has "overcome that presumption . . . [by showing] 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *See U.S. v. Ochoa-Vasquez*, 428 F. 3d 1015, 1030-31 (11th Cir. 2005) (quoting *Press-Enterprise I v. Superior Court of California, Riverside County*¸ 464 U.S. 501, 510 (1984); *U.S. v. Valenti*, 987 F. 2d 708, 713 (11th Cir. 1993)).

## III. Conclusion

Plaintiff is not requesting the District Court reject the legal standard set forth in the Report & Recommendation as to Rule 4-1.9. Plaintiff is requesting that the District Court provide an opportunity to have a non-public forum in which specific, confidential information can be provided to demonstrate that Attorney Cohen is currently attempting to attack Plaintiff with information and documents obtained during his prior attorney-client relationship with Plaintiff. The need for the non-public forum is based upon the fact that the information is confidential, to both the Plaintiff and other non-parties. Its protection and safekeeping not only serves to preserve the parties' interests, but also protects those wholly uninvolved in the current dispute who have become intertwined due to Attorney Cohen's attempt to use such information.

Plaintiff requests this Court reserve ruling on the Report & Recommendation, until there can be a narrowly tailored non-public or *in camera* proceeding review of the specific information and materials Plaintiff believes will fulfill the specificity element that the Report and Recommendation suggests is lacking. And, until such time that a non-public or *in camera* proceeding can take place, Plaintiff respectfully requests this Court continue the stay of discovery previously entered on August 2, 2016. (Doc. 96)

Dated: January 23, 2017

SHUTTS & BOWEN, LLP

By: */s/ Eric S. Adams*______________
ERIC S. ADAMS
Florida Bar No.: 0090476
eadams@shutts.com
MARK P. RANKIN
Florida Bar. No.: 177970
mrankin@shutts.com
4301 W. Boy Scout Blvd, Suite 300
Tampa, Florida 33607
Tel: 813-229-8900
Fax: 813-229-8901

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 23, 2017, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Eric S. Adams*____________________
Attorney