UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT MITCHELL,

    Plaintiff,

v.                                              CASE NO. 8:15-cv-2603-T-23TGW

MARY CATHERINE HUNT, et al.,

    Defendants.
_____/

**ORDER**

Scott Mitchell moves (Doc. 81) under seal to disqualify Barry Cohen, the defendants' counsel of record. A January 9, 2017 report (Doc. 158) recommends denying Mitchell's motion because Cohen's representation of the defendants violates no Florida rule of professional conduct, creates no appearance of impropriety, and violates no duty of loyalty.

The report states that Mitchell:

> has not identified any specific information which supports his contention that the credibility and character issues in the [2004 FTC investigation] 'materially overlap' with this case . . . . [Mitchell] has not identified any information disclosed during the [2004 FTC investigation] that Cohen will use to the plaintiff's disadvantage in this litigation. Therefore, the plaintiff has not met his burden to establish a violation of Rule 4-1.9(b) [Florida Bar Code of Professional Responsibility].

(Doc. 158 at 14, 18)

Mitchell's principal objection (Doc. 160) to the report and recommendation concerns an October 27, 2016 order (Doc. 145) denying Mitchell's emergency motion (Doc. 140) to hold an *in camera* hearing on the motion to disqualify. The magistrate judge determined (Doc. 145) that Mitchell failed to show good cause to exclude the public from the hearing.[*] Mitchell argues that the denial of an *in camera* hearing prevented his disclosing information likely to prove that Cohen's representation of the defendants presents a conflict of interest.

First, under Rule 72(a), Federal Rules of Civil Procedure, a party must object within fourteen days to a magistrate judge's order. The failure to object timely prevents a party's successfully "assign[ing] as error" a purported defect in the magistrate judge's non-dispositive order. *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985). Because Mitchell failed to object timely, he cannot successfully challenge the magistrate judge's order.

Second, a July 5, 2016 order granted (Doc. 78) Mitchell's motion (Doc. 77) for leave to move under seal (Doc. 81) to disqualify. Thus Mitchell was afforded a confidential forum in which to supplement his motion (Doc. 81) with relevant evidence. The defendants respond that Mitchell fails to support the motion with specific information about Mitchell's character and credibility sufficient to

---

[*] "[T]he plaintiff's request to seal the hearing at this late hour [two days before the hearing] underscores that the need for an *in camera* hearing is lacking." (Doc. 145 at 5)

demonstrate a conflict of interest. Mitchell's reply (Doc. 123) fails to address the defendants' argument about the lack of specific information.

At the motion hearing (Doc. 146), the magistrate judge repeatedly asked Mitchell's counsel whether Mitchell could offer any specific information likely to demonstrate a conflict of interest. Mitchell failed to answer satisfactorily and failed to supplement the facts after the hearing.

Third, Mitchell argues (Doc. 160 at 4) that the absence of a private forum "chilled" his ability to confidentially support his motion to disqualify Cohen. A district court is not required to consider evidence not presented to the magistrate judge. *Williams v McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Because Mitchell waived the "chilling" effect argument by failing to raise the issue at the hearing, Mitchell cannot use the argument as the basis on which to object to the report. In any event, the "chilling" argument lacks merit.

The defendants' objection (Doc. 160) to the January 9, 2017, report is **OVERRULED**, the report (Doc. 158) is **ADOPTED**, and the motion (Doc. 81) to disqualify Cohen is **DENIED**.

ORDERED in Tampa, Florida, on March 27, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE